UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

UNITED STATES OF AMERICA,

15-cr-846 (PKC)

-against-

MEMORANDUM
AND ORDER

ANTHONY CUEVAS,

Defendant.

----------------------------------------------------------x

CASTEL, U.S.D.J.

Defendant Anthony Cuevas moves to suppress the firearm and narcotics found in his vehicle and on his person during searches by the police on September 10, 2015.  For reasons to be explained, the Court denies the defendant's motion to suppress and concludes that an evidentiary hearing is not necessary.

BACKGROUND.

In reviewing the defendant's motion to suppress, the Court adopts the facts as set forth in the defendant's March 9, 2016 affidavit.  (Dkt. 20).  On September 10, 2015, at approximately 1:00 a.m., the defendant was driving his car in the vicinity of East Tremont Avenue and Sampson Avenue in the Bronx.  (Cuevas Affidavit, ¶ 1).  After stopping at a stop sign, the defendant made a turn without signaling.  (Id.).  Shortly thereafter, the police pulled over the defendant for failing to signal.  (Id.).

The defendant was seated in his vehicle with nothing in his hands when the police approached his car.  (Id. at ¶ 2).  At that time, there was no odor of marijuana emanating from him or his vehicle.  (Id.).  Law enforcement requested to see the defendant's license and, in response, the defendant opened the center console of his vehicle to get his wallet.  (Id. at ¶ 3).  At

that point, the police observed a bag containing a substance that appeared to be marijuana inside the console.  (Id.).  The police then asked the defendant to step out of his car.  (Id.)

While the defendant was outside the vehicle, one of the police officers entered the vehicle, searched the interior, and recovered a single white pill from inside a pill container resting in the cup holder located in the center console.  (Id.)  Thereafter, the police arrested the defendant, handcuffed him, and took him to a police precinct.  (Id. at ¶¶ 3, 4).  During the time the defendant was at the precinct, the police notified him that a firearm was found inside the trunk of his car.  (Id. at ¶ 5).

A grand jury indicted the defendant for the crime of being a Felon in Possession of a Firearm.  18 U.S.C. §922(g)(1).  On December 8, 2015, he entered a plea of not guilty to the charge.

DISCUSSION.

The defendant challenges the lawfulness of the search of his vehicle, which resulted in the seizure of a white pill and a firearm.  And, he challenges the legality of the "initial seizure of his person" and of the seizure of a bag of marijuana (different from the bag in the console) allegedly recovered during a search of his person.  (Defendant's Memorandum of Law in Support ("Memo. in Support"), 6).  The government argues that the traffic stop, the defendant's arrest, and the search of the defendant's vehicle were all lawful.[1]

1.  Evidentiary Hearing.

As an initial matter, the defendant seeks an evidentiary hearing on his motion to suppress.  "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to

---

[1] The government does not contest the defendant's standing to challenge the search of the vehicle or his person.

conclude that contested issues of fact going to the validity of the search are in question." United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992) (quoting United States v. Licavoli, 604 F.2d 613, 621 (9th Cir. 1979)) (internal quotation marks omitted).  Because the Court adopts the facts as set forth in the defendant's affidavit and those facts are sufficient to resolve the entirety of the present motion, no evidentiary hearing is necessary.

2.  Search of the Defendant's Vehicle.

The defendant argues that the two warrantless searches of his automobile, one on the street and one at the precinct, were unlawful.  A warrantless search is permissible if it fits "within one of the narrow and specifically delineated exceptions to the warrant requirement." Thompson v. Louisiana, 469 U.S. 17, 21 (1984).  The government contends that the searches of the defendant's car were lawful: (1) under the automobile exception to the warrant requirement; and/or, (2) under the inventory search exception.  The government bears the burden of proving the legality of a warrantless search.  Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971). Because the Court concludes that the vehicle searches were lawful under the automobile exception, the Court does not reach the merits of the government's alternative theory.

First, the traffic stop of the defendant, which initiated his interaction with the police, was lawful.  Traffic stops "must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct." United States v. Scopo, 19 F.3d 777, 781 (2d Cir. 1994) (quoting United States v. Hassan El, 5 F.3d 726, 729 (4th Cir. 1993)). "When an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle." Id. at 782 (quoting United States v. Cummins, 920 F.2d 498, 500 (8th Cir. 1990), cert. denied, 502 U.S. 962 (1992)).  The subjective motivation of the officer making the

traffic stop has no bearing on the "constitutional reasonableness" of the stop.  <u>Whren v. United States</u>, 517 U.S. 806, 813 (1996).

   The defendant admits that he turned without signaling prior to being stopped by the police.  (Cuevas Affidavit ¶ 1).  Turning without signaling is a violation of New York Vehicle and Traffic Law § 1163(d).  Because the defendant violated section 1163(d), the resulting traffic stop was lawful.  <u>Scopo</u>, 19 F.3d at 781 ("Although Scopo's traffic violation, failure to signal while changing lanes as required by N.Y. Veh. & Traf. Law § 1163(d), was minor, the officers acted within their authority in stopping Scopo for violation of the state law.").

   Second, the two searches of defendant's car that led to the police discovering the firearm and one white pill were lawful under the automobile exception to the warrant requirement.  The automobile exception to the warrant requirement "permits law enforcement to conduct a warrantless search of a readily mobile vehicle where there is probable cause to believe that the vehicle contains contraband."  <u>United States v. Navas</u>, 597 F.3d 492, 497 (2d Cir. 2010).  "The mere inherent mobility of the vehicle is sufficient to constitute the 'ready mobility' the automobile exception cognizes."  <u>United States v. Howard</u>, 489 F.3d 484, 494 (2d Cir. 2007) (Sotomayor, J.).  "Probable cause to conduct a search 'exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that evidence of a crime will be found in the place to be searched.'"  <u>United States v. Wilson</u>, 699 F.3d 235, 245 (2d Cir. 2012) (quoting <u>United States v. Gaskin</u>, 364 F.3d 438, 456 (2d Cir. 2004)) (internal quotation marks and alterations omitted).  Where the probable cause "'extends to the entire vehicle,' the permissible scope of a search pursuant to [the automobile] exception includes 'every part of the vehicle and its contents [including all containers and packages] that may

conceal the object of the search.'" <u>Navas</u>, 597 F.3d at 497 (quoting <u>United States v. Harwood</u>, 998 F.2d 91, 96 (2d Cir. 1993)).  Moreover, "[w]henever [] the police may make a legal contemporaneous search [of an automobile], they may also seize the car, take it to the police station, and search it there." <u>Coolidge v. New Hampshire</u>, 403 U.S. at 458; <u>see</u> <u>also</u> <u>Chambers v. Maroney</u>, 399 U.S. 42, 52 (1970).

        From their position outside the defendant's vehicle, and prior to conducting any search, the police observed a bag containing a substance that appeared to be marijuana inside the center console of the car.  Pursuant to the "plain view" exception to the warrant requirement, the police were entitled to seize the apparent drugs.  <u>See</u> <u>Scopo</u>, 19 F.3d at 782 (quoting <u>Illinois v. Andreas</u>, 463 U.S. 765, 771 (1983)) ("The 'plain view' exception to the fourth amendment warrant requirement 'authorizes seizure of illegal or evidentiary items visible to a police officer whose access to the object has some prior Fourth Amendment justification and who has probable cause to suspect that the item is connected with criminal activity.'")

        Upon seeing the marijuana, the police had "probable cause to believe that the vehicle contain[ed] contraband." <u>Navas</u>, 597 F.3d at 497.  That probable cause extended to the defendant's entire car because "the permissible scope of a search pursuant to [the automobile] exception includes 'every part of the vehicle and its contents [including all containers and packages] that may conceal the object of the search.'" <u>Id.</u> (quoting <u>Harwood</u>, 998 F.2d at 96); <u>see</u> <u>also</u> <u>United States v. Jackson</u>, 652 F.2d 244, 251 (2d Cir. 1981) (holding search of a trunk lawful under automobile exception to warrant requirement because evidence of "objective facts indicated that evidence of the holdup was in the trunk").  Here, the object of the search was drugs, which the defendant could have concealed in any part of the vehicle or any container therein, including a shirt pocket inside a backpack inside the trunk.  As a result, the search of the

interior of the vehicle undertaken by police on the street immediately after they observed the marijuana, during which they found the white pill, was lawful.  In addition, because there was probable cause to search the entire car on the street at the time of the arrest, including the trunk and any containers therein, it was also lawful for law enforcement to seize the defendant's car, take it to the police precinct, and search the trunk for contraband there.  See Coolidge v. New Hampshire, 403 U.S. at 458; Chambers v. Maroney, 399 U.S. at 52.  Because the search of the interior of the vehicle and the search of the trunk were authorized under the automobile exception to the Fourth Amendment's warrant requirement, the defendant has no viable basis to seek suppression of the firearm or the white pill.

    3.   Defendant's Arrest and the Search of his Person.

        The defendant also challenges the lawfulness of his arrest and the search of his person that occurred after his arrest, during which the police discovered a second bag of marijuana.  The government asserts that the arrest was lawful and that the police "searched the defendant incident to arrest and found narcotics in his pocket."  (Government's Memorandum of Law in Opposition ("Memo. in Opposition"), footnote 1).  Based on the facts as presented by the defendant, the Court finds that the defendant's arrest was lawful and that the subsequent search of his person was incident to arrest and therefore lawful as well.

        "The standard for arrest is probable cause, defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.'"  Gerstein v. Pugh, 420 U.S. 103, 111-12 (1975) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)) (alterations in original).  Even if an officer has probable cause to believe that an individual has committed only a minor criminal offense in his presence, "he may, without violating the Fourth Amendment, arrest the offender."  Atwater v. City of Lago

Vista, 532 U.S. 318, 354 (2001).  The government argues that law enforcement had probable cause to arrest the defendant for a violation of New York Penal Law § 221.10 (Criminal Possession of Marijuana in the Fifth Degree) or § 221.35 (Criminal Sale of Marijuana in the Fifth Degree).  The defendant contends that there was no probable cause to arrest him for either of those crimes based on the facts presented in his affidavit.  Instead, the defendant argues that "the accurate penal law section the Government *should* have cited is New York Penal Law § 221.05 (Unlawful Possession of Marijuana)."  (Reply Memo. in Support, 3) (emphasis in original).

New York Penal Law § 221.05 states that "[a] person is guilty of unlawful possession of marihuana when he knowingly and unlawfully possesses marihuana."  The police officers who observed the substance appearing to be marijuana inside the defendant's center console were undoubtedly aware of "facts and circumstances 'sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing" a violation of section 221.05.  Gerstein v. Pugh, 420 U.S. at 111-12.  Nevertheless, the defendant asserts that an arrest premised on a violation of section 221.05 is unlawful because section 221.05 categorizes unlawful possession of marijuana as "a violation punishable only by a fine of not more than one hundred dollars."  The defendant is mistaken.

The defendant's arrest for unlawful possession of marijuana was lawful under New York law and the Fourth Amendment.  New York law authorizes police officers to arrest, without a warrant, any person for "[a]ny offense when he or she has reasonable cause to believe that such person has committed such offense in his or her presence."  New York Criminal Procedure Law §140.10(1)(a).  An "offense" is defined as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state . . . ."  NYPL § 10.00(1).

- 7 -

Under that definition of "offense," a violation of New York State's prohibition on the unlawful possession of marijuana qualifies as an "offense." NYPL § 221.05. As a result, law enforcement had authority under New York law to arrest the defendant. NYCPL §140.10(1)(a). Because there was authority to arrest under New York law, the defendant's arrest, which was based on the police officers' contemporaneous observations that the defendant was in possession of a substance they believed to be marijuana, did not violate the Fourth Amendment. See Scopo, 19 F.3d at 784 ("We, too, hold that where the arresting officer had probable cause to believe that a traffic violation occurred or was occurring in the officer's presence, and was authorized by state or municipal law to effect a custodial arrest for the particular offense, the resulting arrest will not violate the fourth amendment."); see also Virginia v. Moore, 553 U.S. 164, 176 (2008) ("[W]arrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution, and that while States are free to regulate such arrests however they desire, state restrictions do not alter the Fourth Amendment's protections."); Atwater, 532 U.S. at 354 ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.")

Law enforcement's search of the defendant's person incident to his lawful arrest was itself lawful. Moore, 553 U.S. at 176-77 (citing United States v. Robinson, 414 U.S. 218 (1973)) ("[O]fficers may perform searches incident to constitutionally permissible arrests in order to ensure their safety and safeguard evidence."). As a result, the defendant has no meritorious basis to suppress the bag of marijuana discovered on his person.

CONCLUSION.

The defendant's motion to suppress the firearm and narcotics found in his vehicle and on his person during searches by police officers on September 10, 2015 is DENIED.  The evidentiary hearing provisionally scheduled for June 15, 2016 at 2:00 p.m. will now be a pretrial conference.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        May 12, 2016

- 9 -